| | |
|---|---|
| 1 | Brent H. Blakely (SBN 157292) |
| 2 | bblakely@blakelylawgroup.com<br>Cindy Chan (SBN 247495) |
| 3 | cchan@blakelylawgroup.com<br>BLAKELY LAW GROUP |
| 4 | 915 North Citrus Avenue<br>Hollywood, California 90038 |
| 5 | Telephone: (323) 464-7400<br>Facsimile: (323) 464-7410 |
| 6 | *Attorneys for Plaintiff* |
| 7 | *Coach Services, Inc.* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COACH SERVICES, INC., a Maryland Corporation, | ) | CASE NO. CV 10-2326 JST (PLAx) |
| Plaintiff, | ) | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS FOR VIOLATION OF COURT ORDER RE DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | ) | |
| YNM, INC., a California Corporation dba Y&M; YOUNG GOON YOO, an individual; DOES 1-10, inclusive, | ) | |
| Defendants. | ) | [DISCOVERY MATTER] |
| | ) | Hearing: |
| | ) | Date:   December 21, 2010<br>Time:   10:00 a.m.<br>Room:  G – 9th Floor |
| | ) | Discovery Cut-Off:      01/21/2011<br>Pre-Trial Conference:   03/14/2011<br>Trial:                          04/12/2011 |
| | ) | **Hon. Paul L. Abrams** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **Tuesday, December 21, 2010** at **10:00 a.m.**, in Courtroom G of the above-entitled Court, located 312 North Spring Street, Los Angeles, California 90012, Plaintiff Coach Services, Inc. ("Coach") will and hereby does move this Court to issue an order STRIKING Defendants' Answer as well as

1  monetary sanctions as a result of Defendants' failure to abide by this Court's Order
2  issued on October 6, 2010 regarding Plaintiffs' discovery motions.
3
4  DATED:     August 3, 2009            BLAKELY LAW GROUP
5
6                                       By:    /s/ Cindy Chan_____
                                               Brent H. Blakely
7                                              Cindy Chan
                                               *Attorneys for Plaintiff*
8                                              *Coach Services, Inc.*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On March 30, 2010, Plaintiff filed a Complaint in this action against Defendants YNM, Inc. and Young Goon Yoo for trademark infringement, trademark dilution, unfair competition, and related federal and state law claims in connection with Defendants' infringing use Coach's Signature "C" logo. Since filing an Answer to the Complaint in April of 2010, Defendants and their counsel have been virtually absent from this case.

After failing to respond to written discovery, Plaintiff filed discovery motions to compel same, which this Court thereafter granted in an order dated October 6, 2010. Specifically, the Court ordered that written responses and responsive documents be provided in addition to payment of attorneys' fees incurred by Plaintiff in filing the motions. To this date, Defendants have failed to provide any discovery responses or documents. In fact, Defendants' counsel has essentially fallen off the map and has failed to respond to any of Plaintiff's counsel's phone calls or e-mails.

Defendants clearly have no regard for this case, and their absence there from warrants terminating sanctions and monetary sanctions pursuant to Fed.R.Civ.P. 32(b).

### II.   STATEMENT OF RELEVANT FACTS

On March 30, 2010, Plaintiff filed a Complaint in this action against Defendants YNM, Inc. and Young Goon Yoo (President of YNM, Inc.) for trademark infringement, trademark dilution, unfair competition, and related federal and state law claims in connection with Defendants' infringing use Coach's Signature "C" logo.

On June 30, 2010, Plaintiff served its first set of Request for Production of Documents, Special Interrogatories, and Requests for Admission on Defendant YNM. (Chan Decl., ¶ 2) Defendant failed to provide responses and/or responsive documents, and consequently, Plaintiff moved for an order from this Court compelling production of same. [See Docket Nos. 17 and 18] Furthermore, Defendant failed to cooperate in the discovery motion process set forth by this Court's Local Rule 37. (Chan Decl., ¶ 5)

1   The Court thereafter granted Plaintiff's discovery motions and issued an order on
2   October 6, 2010 that required Defendant to: (1) produce all responses and documents
3   responsive to Plaintiff's Interrogatories and Requests for Production of Documents no
4   later than ten court days from October 6, 2010 and (2) pay $1,000.00 to Plaintiff
5   pursuant to Fed.R.Civ.P. 37(a)(5)(A) no later than ten court days from October 6,
6   2010. (Chan Decl., Ex. 1; See also Docket No. 21)

7         To this date, Defendant has neither produced responses and documents
8   responsive to Plaintiff's written discovery requests nor made payment to Plaintiff as
9   required by this Court's October 6, 2010 Order. (Chan Decl., ¶ 11)  Plaintiff's counsel
10  has attempted to contact Defendant's counsel on several occasions regarding this
11  matter, but has received no response. (Chan Decl., ¶¶ 8 – 10)

## III.  LEGAL ANALYSIS

Plaintiff seeks both terminating sanctions and monetary sanctions as a result of Defendants' failure to comply with the October 6, 2010 Court Order compelling production of responses and documents to Plaintiff's written discovery requests.

### A.  Defendants' Answer Should be Stricken and Default Should be Entered

If a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, which may include the following:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) **striking pleadings in whole or in part**;

(iv)  staying further proceedings until the order is obeyed;

(v)   dismissing the action or proceeding in whole or in part;

(vi)  **rendering a default judgment against the disobedient party**; or

      (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

[Fed.R.Civ.P. 32(b)(2)(A)]

    Since filing Answers in April of 2010, Defendants have completely ignored this lawsuit. Defendants have neither made an appearance nor contacted Plaintiff's counsel since April of 2010. Defendants' lackadaisical attitude towards this lawsuit is further evidenced by their blatant failure to participate in discovery and disobeying this Court's Order regarding same. It is apparent at this point that Defendants have no intentions to continue litigating, and thus their Answers should be stricken and default should be entered.

    **B.    Plaintiff Should Be Awarded Reasonable Attorneys' Fees For Defendants' Failure to Comply With This Court's Discovery Orders**

    In addition to sanctions set forth above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. [Fed.R.Civ.P. 37(b)(2)(C)]

    Plaintiff's counsel has attempted to contact Defendant's counsel regarding this matter several times since issuance of the October 6, 2010 Order. Defendants' counsel has failed to respond to this date. Defendants are well aware of the pending Order and have willfully failed to comply. Thus, there can hardly be substantial justification for Defendants' actions. Based on the foregoing, Plaintiff requests an award of reasonable attorneys' fees in the amount of $1,500.00.

**IV.   CONCLUSION**

    Based on the foregoing, Plaintiff respectfully requests that this Court STRIKE Defendants' Answers and enter default against Defendants. Plaintiff further requests /

/ / /

that monetary sanctions be issued against Defendants and/or its counsel, Law Offices of Mac Nehoray, in the amount of $1,500.00.

DATED:     November 11, 2010         BLAKELY LAW GROUP

                                By:   /s/ Cindy Chan_____
                                      Brent H. Blakely
                                      Cindy Chan
                                      *Attorneys for Plaintiff*
                                      *Coach Services, Inc.*